Terry W. PERDUE, Petitioner
and Appellant,

v.

UTAH BOARD OF PARDONS and Fred
Van Der Veur, Warden, Respondents
and Appellees.

No. 930394.

Supreme Court of Utah.

Aug. 3, 1995.

Terry W. Perdue, pro se, Rawlings, WY.

Jan Graham, Atty. Gen. and James H. Beadles, Asst. Atty. Gen., Salt Lake City, for respondents.

DURHAM, Justice:

This is an appeal from a denial of a petition for an extraordinary writ. Petitioner complains that at his original parole hearing, the Board of Pardons violated his due process rights by setting a twenty-year review date (in essence failing to set a fixed date) and by considering "false" testimony from the victim's family that he did not have an opportunity to rebut.

The parole hearing in question occurred in 1989. At that time, a direct appeal of petitioner's conviction was apparently pending, and the record reflects that the Board merely intended to postpone the date-setting process until the appeal could be resolved. The transcript of the hearing before the Board contains the following:

> THE HEARING OFFICER: We're back on the record in the case of Terry Perdue. Mr. Perdue, it's the decision of the board to grant you a rehearing, 20 year rehearing in the year 2008. We're understanding that your case is on appeal. If the situation has changed, it will come back to the board's special attention, and appropriate adjustments or consideration of adjustments will be made at that time.
>
> Also, there is a redetermination procedure in the—available that you will be allowed to, if your offense is not over turned [sic] by the Supreme Court, you'll be allowed to petition the board in the future at the appropriate time for reconsideration of your sentence.

The record does not reflect that petitioner has ever asked the Board for a special attention hearing or a redetermination of his original parole date. Because the Board expressly declared its intention to make the original date contingent on the invocation of either of those proceedings, petitioner's claims for adequate process are without merit. The Board was entirely justified in postponing the final date-setting decision until the direct appeal of the conviction was resolved. The transcript of the hearing reflects that there was some concern for petitioner's ability to

present candid and complete information to the Board so long as he was challenging his conviction in the courts. Accordingly, we affirm the trial court's denial of the petition.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur.